ELIZABETH C. DUNCAN *et al.*, plaintiffs in error, *v.* GEORGE
W. FINCH *et al.*, defendants in error.

### *Error to Pike.*

A bill in Chancery for an injunction, &c., was filed and the writ issued in vaca-
tion.   It did not appear from the record that the summons was ever served
or returned into Court.   One of the defendants, however, appeared, and filed
his answer, to which there was no replication.   A bond for costs was filed
and the cause continued to the next term, but no steps were taken to bring
the other defendant into Court.   At the second term, the case was called in
its order, the defendant again appearing, and no one appearing for the com-
plainant, the bill was dismissed and the injunction dissolved for want of
prosecution, but without prejudice: *Held,* that the Court proceeded strictly
in conformity with its duty in dismissing the bill and dissolving the injunction.

BILL IN CHANCERY for an injunction, &c., in the Pike Cir-
cuit Court, brought by the plaintiffs in error against the de-
fendants in error.   The cause came on to be heard at the
August term, 1847, the Hon. Norman H. Purple presiding,
and the complainants not appearing, the bill was dismissed
and the injunction dissolved.

*W. Thomas,* for the plaintiffs in error.

*M. McConnell,* for the defendant Finch.

The Opinion of the Court was delivered by

CATON, J.   This bill was filed by the administrators with
the will annexed, and the infant heirs of Joseph Duncan, de-
ceased, against the defendants upon which an injunction was
issued in vacation.   The summons was returnable to the
March term, 1847, but which it does not appear was ever
served or returned.   At that time one of the defendants,
Finch, appeared and filed his answer to which no replication
was ever filed.   At that term, the next friend of the infant
complainants filed a bond for costs for them, and the cause
was continued to the next term, no steps having been taken
by the complainants to bring the other defendants into Court.
At the August term, 1847, the suit was called in its order,
the defendant appeared, but no one appearing for the com-
plainants, the suit was dismissed for want of prosecution, but

without prejudice.   The complainants bring the record here, and complain that there is error in this decree.

We think the Circuit Court proceeded strictly in conformity to its duty in dismissing the bill and dissolving the injunction.    The complainants' solicitor was manifestly guilty of negligence in not preparing the suit for a hearing. He should have taken some measures to get a return of the summons, and if it had not been served on the other defendant, to issue an *alias*, and to have done all in his power to to have brought the cause to a hearing, that the defendant, who had appeared, need not continue under the injunction without a hearing any longer than was absolutely necessary. Instead of that, the complainants having obtained an injunction, gave themselves no further concern about the suit, but left it to its fate.   The excuse why no appearance was made at the August term is, that the suit was not ready for a hearing, and consequently there was no necessity for the attendance of counsel, as the case could not have been argued. Even if counsel had attended at that time, it might have been the duty of the Court to have dismissed the suit, because no steps had been taken at the former term to bring in the other defendant, and thus advance the suit.   It was the duty of the complainants to speed the cause with diligence, and if they would not do that, they must suffer the just penalty of their negligence.   Even with the utmost diligence, the procrastination in Chancery cases often becomes oppressive, and affords grounds for a just reproach against our system of Chancery jurisprudence, and it is the duty of Courts, as well as parties, to see that there is no unnecessary delay.   In consideration of some of the complainants' being infants, the Court might possibly have been justified in further delay, had it been satisfied from an inspection of the record, that their interests might have suffered irreparable injury by a dismissal of the bill; but at most it was but matter of discretion with the Court below, which we think was very properly exercised.    A new bill may be filed when the complainants get ready to go on with their case.

The decree of the Circuit Court is affirmed with costs.

*Decree affirmed,*